IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KURT BUTTELMAN, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 5:11-CV-00654-XR |
| WELLS FARGO BANK, N.A., | § § § | |
| Defendant. | § § § § § | |

## ORDER

On this date, the Court considered Plaintiff Kurt Buttelman's Motion to Remand and Defendant Wells Fargo Bank's Response to Plaintiff's Motion to Remand. After careful consideration of the motion and the relevant authority, Plaintiff's motion is denied.

## BACKGROUND

In this case, Plaintiff disputes whether Defendant Wells Fargo is entitled to accelerate his note and foreclose on his home. On July 1, 2011, Plaintiff filed this suit in the 73rd Judicial District Court of Bexar County, Texas, styled**:** *Kurt Buttelman v. Wells Fargo Bank, N.A.*, Cause No. 2011-CI-10830.[1]  Plaintiff's state-court pleading seeks a Temporary Restraining Order and Preliminary Injunction to enjoin the Defendant from foreclosing on his property.[2]  Defendant removed the case to this Court on August 3, 2011.[3]

---

[1] *Id.* at p. 1.

[2] Plaintiff's Original Petition, p. 4.

[3] Defendant's Notice of Removal, p. 1.

On or about March 30, 2006, Plaintiff executed a Note and Deed of Trust to finance a loan regarding property in Canyon Lake, Texas (the "property").[4] Plaintiff alleges that unlawful amounts were added to his insurance premiums, and Defendant wrongfully accelerated the Note and demanded payment in full.[5] Plaintiff is also alleging violations of the Texas and Federal Fair Debt Collection Practices Acts ("FDCPA").[6] These allegations state that Defendant continued to communicate directly with Plaintiff while knowing he had representation.[7] In addition, Plaintiff claims that Defendant failed to give proper notice of foreclosure under the Texas Property Code.[8] Plaintiff alleges he will suffer irreparable harm unless Defendant is restrained from foreclosing on the property.[9] He claims there is no adequate remedy at law because the damages cannot be accurately measured.[10]

## DEFENDANT'S NOTICE OF REMOVAL

Defendant filed its Notice of Removal, asserting federal question jurisdiction based on Plaintiff's claim under the FDCPA.[11] In addition, Defendant claims removal is proper on the basis of diversity jurisdiction.[12] Defendant asserts that there is complete diversity because Plaintiff is a

---

[4]*Id.* at p. 2.

[5]*Id.* at p. 2.

[6]*Id.*

[7]*Id.*

[8]*Id.*

[9]*Id.*

[10]*Id.*

[11]*Id.* at p. 3.

[12]*Id.*

citizen of Texas and Defendant is a citizen of South Dakota[13], and the amount in controversy, as determined by the value of the property, exceeds $75,000.[14] Defendant submits a tax appraisal indicating that the property's fair market value is approximately $162,020.[15]

### PLAINTIFF'S MOTION TO REMAND

On September 6, 2011, Plaintiff filed his Motion to Remand, conceding that this Court has jurisdiction over the FDCPA[16] claim, but arguing that the court should remand all other claims under Section 1441(c).[17] Plaintiff argues that the claims under the Texas Fair Debt Collection Act and Texas Property Code are separate and independent claims from the other claims, and that state law predominates.

With regard to diversity jurisdiction, Plaintiff does not dispute that complete diversity exists, but argues that the amount in controversy does not exceed $75,000 because it should be measured by his equity interest.[18] Plaintiff claims the amount owed on the loan is approximately $50,000, and the market value of the property is $113,000 and thus the amount in controversy does not exceed $75,000.[19]

---

[13] Pursuant to 28 U.S.C. § 1348, "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." The Supreme Court has construed this to mean that a national bank is located in the state designated in its articles of association as its main office. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 319 (2006). Wells Fargo states that its main office is located in South Dakota.

[14] *Id.* at p. 4.

[15] *Id.* at p. 5.

[16] 15 U.S.C. § 1692k(d).

[17] Plaintiff's Motion to Remand, p. 3.

[18] *Id.* at p. 2.

[19] *Id.*

## LEGAL STANDARD

On a motion to remand, the court must consider whether removal was proper. Removal is proper where the suit originally could have been brought into federal court.[20] Stated differently, a district court has removal jurisdiction in any case in which it would have had original jurisdiction.[21] Federal courts are courts of limited jurisdiction, and they may generally only hear cases where a federal question or diversity of citizenship exists.[22]

**Federal Question**

A district court has original federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."[23] The basic statutory provision providing for removal based on federal question jurisdiction states that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."[24] Further, district courts have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."[25]

Section 1441(c) further provides that:

Whenever a separate and independent claim or cause of action within the jurisdiction

---

[20]*See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[21]28 U.S.C. § 1441(a).

[22]28 U.S.C. §§ 1331, 1332.

[23]28 U.S.C. § 1331.

[24]28 U.S.C. § 1441(b).

[25]28 U.S.C. § 1367(a).

> conferred by section 1331 [federal question] of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c). Section 1441(c) permits the remand of state-law claims when those claims are: (1) separate and independent from the removed federal-question claim, (2) joined with a federal question, (3) otherwise non-removable, and (4) a matter in which state law predominates.[26] A state law claim is not separate and independent from a federal claim if both claims involve "substantially the same facts."[27] If a court has supplemental jurisdiction over state-law claims, they are generally not separate and independent from the federal-question claim.

**Diversity Jurisdiction**

In order for a case to be removed based on diversity jurisdiction, the amount in controversy must exceed $75,000 and complete diversity must exist between the parties.[28] Ordinarily, the court will look at the petition to determine the amount in controversy, but when there is no specific amount stated, the burden is on the removing party to show by a preponderance of the evidence that the amount exceeds the required amount.[29] In addition, removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed $75,000.[30]

According to Fifth Circuit precedent, when the plaintiff is asking for equitable and injunctive relief, "the amount in controversy is measured by the value of the object of the litigation," and "[t]he

---

[26] *Eastus v. Blue Bell Creameries*, 97 F.3d 100, 104 (5th Cir. 1996).

[27] *Id.*

[28] 28 U.S.C. § 1332.

[29] *Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[30] *Id.*

value of that right is measured by the losses that will follow."[31]  Moreover, "when the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."[32]

## ANALYSIS

### 1. Whether the state law claims are separate and independent from the federal claim

Plaintiff argues in his motion to remand that this Court should remand all matters in which state law predominates.[33] As noted, he does not dispute that this Court has jurisdiction over his FDCPA claim. However, he argues that the state-law claims are separate and independent from the FDCPA claim, and that state law predominates because Defendant failed to give proper notice of foreclosure as required by Texas law.[34]

Claims that involve "substantially the same facts" cannot be deemed separate and independent.[35] Plaintiff's causes of action all arise out of the same set of facts. They all stem from Defendant's alleged wrongful acceleration and foreclosure. The violations of the Texas and FDCPA arise from the alleged fact that Defendant did not communicate with Plaintiff's attorney regarding the same foreclosure.[36] Therefore, pursuant to § 1367, this Court has supplemental jurisdiction over

---

[31] *Hunt v. Washington State Apple Adv. Comm'n*, 432 U.S. 333, 347 (1977).

[32] *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961); *see also Nationstar Mortg. LLC v. Knox*, 351 Fed. Appx. 844, 848 (5th Cir. 2009) (extending *Waller* to cases involving wrongful foreclosures).

[33] Plaintiff's Motion to Remand, p. 3.

[34] *Id.*

[35] *See Eastus*, 97 F.3d at 104.

[36] Plaintiff's Original Petition, p. 2.

the state-law claims because they arise out of the "same case and controversy" as the related federal claim over which this Court has original jurisdiction.[37] Because this Court has supplemental jurisdiction over the claims and they are not separate and independent, remand under Section 1441(c) is improper.

In addition, Section 1441(c) requires that the state-law claims be "otherwise non-removable" to be remanded. As discussed below, there is diversity jurisdiction over the state-law claims such that they are not "otherwise non-removable." Accordingly, remand of the state-law claims under Section 1441(c) is improper.[38]

### 2. Whether the amount in controversy is determined by the value of property or the value of the equity interest

Plaintiff concedes that the value of the property exceeds $75,000, but he argues that the "right to be protected or the extent of injury to be prevented" is not the entire value of the home.[39] Specifically, Plaintiff claims that the "extent of the injury to be prevented" is the damage he would suffer due to wrongful foreclosure.[40] Plaintiff does not contest that complete diversity of citizenship exists. Therefore, the only issue this Court needs to decide is how to measure the amount in controversy.[41]

---

[37] 28 U.S.C. § 1367.

[38] In addition, to the extent Plaintiff might be seeking remand of claims under 28 U.S.C. § 1367(c), which permits the court to decline to exercise supplemental jurisdiction if the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, the Court finds that remand would be improper because the Court has diversity jurisdiction over those claims, as discussed below.

[39] Plaintiff's Motion to Remand, p. 2.

[40] *Id.*

[41] *Id.*

"It is well established in actions in which declaratory or injunctive relief is sought, the amount in controversy for jurisdictional purposes is measured by the direct pecuniary value of the right which the plaintiff seeks to enforce or protect or the value of the object which is the subject matter of the suit."[42] The Fifth Circuit has also held that when the right to property is at issue, the value of the property controls the amount in controversy.[43] In *Waller*, that court was not dealing with a foreclosure issue, but courts have interpreted *Waller* to include those types of cases.[44] Also, the Fifth Circuit in *Nationstar* extended *Waller* to a suit seeking involving injunctive relief to prevent foreclosure.[45]

Plaintiff relies on *Farrell v. Hunt* in his motion. However, *Farrell* dealt with the measure of damages when a property was actually foreclosed.[46] The measure of damages was "the difference between the value of the property in question at the date of foreclosure and the remaining balance due on the indebtedness."[47] In this case, foreclosure has not yet occurred; therefore, *Farrell* is not persuasive. Further, *Farrell* is a state-court case dealing with damages, not a federal court case

---

[42] *Martinez v. BAC Home Loans Servicing. LP*, 777 F. Supp. 2d 1039, 1044 (W.D. Tex. 2010).

[43] *See Waller*, 296 F.2d at 547-48.

[44] *See Radley v. Chase Home Finance, LLC*, No. H-11-1547, 2011 WL 2415344, at *2 (S.D. Tex. June 13, 2011); *Govea v. JP Morgan Chase Bank, N.A.*, No. H-10-3482, 2010 WL 5140064, at *4 (S.D. Tex. Dec. 10, 2010); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2-3 (S.D. Tex. Aug. 27, 2009); *Martinez v. BAC Home Loans Servicing. LP*, 777 F. Supp. 2d 1039, 1044 (W.D. Tex. 2010).

[45] *See Nationstar Mortg. LLC v. Knox*, 351 Fed. Appx. 844, 848 (5th Cir. 2009).

[46] *Farrell v. Hunt*, 714 S.W.2d 298 (Tex. 1986).

[47] *Id.* at 299.

discussing amount in controversy for purposes of federal court jurisdiction.[48]

Here, Plaintiff is seeking to enjoin Defendant from foreclosing, selling, transferring, auctioning, or conducting the trustee's sale of the entire property.[49] Plaintiff's entire property is the object of the litigation. "Absent judicial relief, Plaintiff could be divested of all right, title, and interest to the property."[50] Accordingly, the value of the property is the amount in controversy.

## CONCLUSION

For the reasons stated herein, this Court determines that removal was proper because the Plaintiff could have originally brought this action in federal court. Supplemental jurisdiction and diversity jurisdiction allow this Court to exercise jurisdiction over the state-law claims involved, and remand of those claims is denied. Accordingly, Plaintiff's Motion to Remand (docket no. 5) is DENIED.

It is so ORDERED.

SIGNED this 27th day of October, 2011.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[48] *See id.*

[49] Plaintiff's Original Petition, p. 4 (emphasis added).

[50] *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2-3 (S.D. Tex. Aug. 27, 2009).